### In re REESE.

#### (District Court, N. D. Alabama, S. D.    May 10, 1902.)

**1. BANKRUPTCY—ALLOWANCE OF EXEMPTIONS—POWER TO REOPEN.**

When property has been set apart to a bankrupt as exempt, and he has been granted a discharge, the propriety of which is not questioned, the power of the court to exercise summary jurisdiction over the property so set off is exhausted, and it cannot entertain a petition by a creditor to reconsider the question of exemptions.

**2. SAME—LACHES OF CREDITOR.**

A creditor of a bankrupt, who was scheduled and duly notified of the filing of the petition, is chargeable with notice of the bankrupt's claim to exemptions made therein, and of the subsequent action taken by the court thereon; and his failure to appear and contest the allowance of such claim, or to except to its allowance, is such laches as precludes him from any right to have the matter reopened on his allegation that the property was worth more than the exemption allowed by law,—at least, unless his petition therefor sets out specific facts which excuse his delay.

---

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. §§ 764, 769.

In Bankruptcy. On petition of creditor to reopen and rehear the bankrupt's claim to exemptions.

Petition by Rowan, a creditor of Reese, a discharged bankrupt, to "have the bankruptcy proceedings reopened and re-referred to the referee," that Rowan may "have an opportunity to file exceptions to the claim of exemptions, that equity may be done the creditors, and for general relief." The facts disclosed by the petition are as follows: Reese, the bankrupt, and Rowan are and were residents of Calhoun county, Ala. On February 17, 1902, Reese filed his petition, and next day was duly adjudicated a bankrupt. His debts did not exceed $500. Rowan was in the list of creditors scheduled. The bankrupt, in his schedules, claimed as exempt certain personal property and a homestead in Calhoun county, Ala.; being all of the property returned by him. The lands and property so claimed were duly set apart to the bankrupt as exempt. Reese was discharged the 27th of March, 1902. On April 28, 1902, Rowan filed his petition, which admits he knew he had been scheduled among the list of creditors, averring "that he did not know that Reese was claiming all his lands as exempt to him; that he did not receive any notice that the same had been set apart to him and was subject to contest and exceptions; that he was unacquainted with the value of the lands at the time Reese filed his petition, and had no idea of their value; when he found out that Reese was claiming the lands as exempt, he commenced to inquire about them, and examined them as soon as he could, after he found that they had been set apart as exempt." It is further alleged that the lands are worth from $2,500 to $3,000, and "that there are persons who would purchase the lands at those figures, so as to leave Reese two thousand dollars, the value of the homestead exemptions to which he is entitled," and still leave an excess sufficient to pay in full the debts scheduled. The petition further avers "that petitioner has acted as diligently and timely in protecting his rights in the premises as the circumstances would permit."

Joseph J. Arnold, for petitioner.

JONES, District Judge. No fraud or breach of duty of any sort is charged against the bankrupt. Before the filing of Rowan's petition the court had set apart the homestead to the bankrupt as a part of his exemptions, and had granted him a discharge. All power of the court of bankruptcy to exercise any summary jurisdiction over the bankrupt or to meddle with his exempt property had been exhausted. If this difficulty of want of jurisdiction could be surmounted, it would not benefit the petitioner. It appears on the face of the petition that the petitioner has been guilty of laches which bar him of all right to the relief he seeks. He admits that he was scheduled in the list of creditors, and does not aver that he did not receive timely notice of the filing of the petition. He lived in the same county with the bankrupt. The admission that he had notice of the filing of the petition, the fact that he lived in the same county with the bankrupt, and the presumption which the court must indulge that public officers have done their duty, all force the conclusion that Rowan received notice of the filing of the petition shortly thereafter. Proceedings in bankruptcy are in the nature of a proceeding in rem, and certainly a creditor who has received notice of the filing, and that he has been scheduled as a creditor, is charged with notice of whatever transpires in the further administration of the bankrupt's estate. As was said in Broderick's Will Case, 21 Wall. 518, 22 L. Ed. 599, "The world must move on, and those who claim an interest in persons or things must be charged with knowledge of their status and conditions, and

of the vicissitudes to which they are subject." A mere reading of the petition would have informed Rowan that Reese "claimed all the lands as exempt." Being charged with this notice, the law conclusively charged Rowan with the further knowledge that in due course of administration of the bankrupt's estate, these lands might be set apart as exempt; that he could prove his debt, and contest the claim of exemptions, if excessive, before the referee, and, if dissatisfied with his ruling, could except and bring the matter here for review. He was not entitled to any other notice. He had actual or constructive knowledge of all the facts, the ignorance of which is now set up as an excuse for not pursuing his rights, whatever they were, in the time and mode prescribed by law. Ignorance in fact, resulting from his failure to avail himself of the sources of knowledge open to him, is negligence and fault which deprives of all right to reopen the matter of which he complains.

If petitioner could set up his ignorance of facts, to avoid the consequences of the notice imputed to him by law, and thus excuse his failure to appear before the referee and contest the exemptions, the facts stated in the petition do not present a good excuse, or show that he was without fault. General allegations of diligence in such matters will not avail. When did Rowan ascertain that Reese "was claiming all his lands as exempt to him"? Was it before or after the lands had been set apart? When he discovered that the lands had been set apart, had the time expired in which he could appear and file exceptions? He merely says, "When he found that Reese was claiming these lands as exempt, he commenced to inquire, and examined the lands as soon as he could after he found that they had been set apart as exempt." Construing his petition (as it must be construed) most strongly against him, it must be held at least that he ascertained that the lands had been set apart before the 20 days had elapsed in which he could file execptions, and he was therefore without the slightest legal excuse for not taking that mode of raising the contest which he now seeks to bring forward by his petition. These fatal defects of the petition cannot be cured by the general allegation that the petitioner "has acted as diligently and timely in protecting his rights in the premises as the circumstances would permit." The facts must be given, that the court may judge for itself. It is a settled rule of law that a party who relies on ignorance of facts material to his rights as an excuse for laches and delay in asserting them before a tribunal where he had a right and opportunity to assert them must show by positive and circumstantial averments why he was ignorant, and set forth with particularity the facts and circumstances as to the time he discovered the matters of which he claims to be ignorant, and why they could not sooner be ascertained.

The petition is denied, with costs.